Deborah Ross, pursuant to Title 18 U.S. Code § 1342
Beneficiary
c/o P.O. Box 847
Alloway, New Jersey [08001]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
Camden

In Re: DEBORAH ROSS, Case No. 18-21885- (ABA)

## OPPOSITION TO

## TRUSTEE'S OBJECTION TO MOTION TO VACATE DISMISSAL ORDER

Dear Judge Andrew B. Altenburg, Jr.

Please accept this letter opposition to the "TRUSTEE'S OBJECTION TO MOTION TO VACATE DISMISSAL ORDER" in lieu of a more formal brief in response to DEBORAH ROSS, Debtor EMERGENCY OBJECTION TO ORDER VACATING STAY AND ORDER OF DISMISSAL AND TO REINSTATE AUTOMATIC STAY.

For the record and in an effort to address and **oppose** the "TRUSTEE'S OBJECTION TO MOTION TO VACATE DISMISSAL ORDER" put forth by Jane L. McDonald, this letter is hereby presented to Judge Andrew B. Altenburg, Jr. and to whom it concerns. The undersigned hereby oppose and write the following:

The "TRUSTEE'S OBJECTION TO MOTION TO VACATE ORDER" states the following objections with the Debtor's responses in opposition:

1. Debtor(s) have failed to demonstrate newly discovered evidences as required by F.R.C.P. 59, as made applicable by F.R.B.P. 9023

    Debtor has demonstrated newly discovered evidences as stated in section 1 of Debtor's BRIEF IN SUPPORT OF EMERGENCY OBJECTION TO ORDER VACATING STAY AND ORDER OF DISMISSAL AND TO REINSTATE

AUTOMATIC STAY, "these instant orders were not issued in compliance with 28 U.S.C. § 1691, 62 Stat. 945" which states:

> 28 U.S. Code § 1691 - Seal and teste of process
> All writs and process issuing from a court of the United States shall be under the seal of the court and signed by the clerk thereof.
> (June 25, 1948, ch. 646, 62 Stat. 945.).

2. Debtor(s) have failed to establish grounds to vacate dismissal as required by F.R.C.P. 60(b), as made applicable by F.R.B.P. 9024.

   As stated above the grounds to vacate the void orders are because "these instant orders were not issued in compliance with 28 U.S.C. § 1691, 62 Stat. 945 and are therefore null and void *ab initio* and of no force or effect. They are a nullity.

3. Debtor(s)' motion is untimely under F.R.B.P. 9023 (14 days)

   Debtor's motion is timely because "these instant orders were not issued in compliance with 28 U.S.C. § 1691, 62 Stat. 945 and are recently, newly discovered evidence. Since the orders are void *ab initio*, no valid dated orders were issued at any time. Hence, there is no valid date to reference to make this untimely.

4. The debtor(s) have failed to provide evidence they have sufficient funds to bring the case current.

   This Objection is irrelevant because the issued orders are void orders and considered a nullity and established on the record to be void of a required seal of the court and clerk's signature, as a matter of facts in evidence.

5. The debtor(s) do not have all of the funds necessary to bring plan payments current and failed to address the remaining arrears.

   Objection is irrelevant. See response to item no.4

6. As of the date of this objection, the debtor(s)' plan arrears total $ <u>unknown 1</u>

   Objection is irrelevant. See response to item no.4.

7. The debtor(s) have failed to supply the trustee with the following items:

   Objection is irrelevant. See response to item no.4.

8. The debtor(s) have failed to supply the trustee with the following items:

   <u>X</u>   Tax returns
   <u>X</u>   Proof of income
   \_\_\_   Valuation of real property

```
___  Amended schedules
___  Required schedules/statements
_X_  Other: Tax Declaration
```

Objection is irrelevant. See response to item no.4.

9. The debtor(s) have failed to attend the §341(a) Meeting on 7/12/18 and 9/27/18

    This is not correct since debtor attended both meetings on 7/12/18 and 9/27/18 however this is immaterial to the fact that the issued orders are void.

10. Other: Debtor's Chapter 13 Plan is blank except for Part 10 and Ditech Financial obtained relief from the automatic stay on October 9, 2018.

    Objection is irrelevant. See response to item no.4.

## CONCLUSION

Since the October 09, 2018 issued Order Vacating Stay and the November 29, 2018 issued Order of Dismissal were not issued in compliance with 28 U.S. Code § 1691, they are considered a nullity and void *ab initio* and must be dismissed *nunc pro tunc* back to the date of the issuance of the Orders in their entirety and the Automatic Stay of all proceedings, as provided under 11 U.S.C. §362, reinstated retroactively as a matter of law and in the interest of justice. Further, the Clerk of the SALEM County Superior Court and the Clerk of the Office of Foreclosure, if applicable, must be directed to allow for the recording of this dismissal of this instant void Order *nunc pro tunc* and reinstatement of the automatic stay.

Respectfully Submitted,

Date: January 23, 2019

By: _Deborah Ross_ L.S.
Deborah Ross, pursuant to Title 18 U.S. Code § 1342
Beneficiary of
DEBORAH ROSS, Debtor
c/o P.O. Box 847
Alloway, New Jersey

## Certificate of Service

I hereby certify that the foregoing "OPPOSITION TO TRUSTEE'S OBJECTION TO MOTION TO VACATE DISMISSAL ORDER" was sent to the Clerk of the UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY (Camden) by certified mail and certified mail to the person(s), attorney(s) and parties listed below.

United States Bankruptcy Court
District of New Jersey
P.O. Box 2067
Camden, NJ 08101
ATTN: **Clerk**
CERTIFIED MAIL Number 7017 3040 0001 1709 8257

Denise Carlon
KML Law Group, PC
216 Haddon Ave., Ste. 406
Westmont, NJ 08108
CERTIFIED MAIL Number 7017 3040 0001 1709 8264

Isabel C. Balboa, Esq.
Chapter 13 Standing Trustee
Cherry Tree Corp. Center
535 Route 38, Suite 580
Cherry Hill, NJ 08002-2977
CERTIFIED MAIL Number 7017 2400 0000 5287 8458

Done this 23 day of January, 2019 by: _Deborah Paul_